UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| IN RE:<br><br>Perveen S. Rathore | CHAPTER 13<br>CASE NO. 08-43130-JBR |
|---|---|

**RESPONSE TO DEBTOR'S MEMORANDUM OF LAW IN SUPPORT OF BIFURCATING THE UNDERSECURED SECOND MORTGAGE**

Now comes, Wells Fargo Bank, NA, in response to debtor's request to modify its security interest, and respectfully requests that this Honorable Court deny bifurcation of its mortgage on the debtor's primary residence and deny confirmation of debtor's Chapter 13 Plan.

**STATEMENT OF FACTS**

Wells Fargo Bank, NA is the holder of a second mortgage on the debtor's principal residence located at 5 Arrow Head Lane, Westborough, MA. On September 30, 2008 the debtor, Perveen S. Rathore, filed a Chapter 13 bankruptcy petition. On the same day, the debtor filed her Chapter 13 Plan which provides that the mortgage to Wells Fargo Bank, NA will be considered wholly unsecured and discharged upon completion of the plan. On October 16, 2008, Wells Fargo Bank, NA filed a Proof of Claim showing a total secured claim of $202,272.42 and a pre-petition arrearage claim of $1,472.07. On November 19, 2008 Wells Fargo Bank, NA filed its Objection to Debtor's Chapter 13 Plan on the grounds that the plan did not provide for payment of the pre-petition arrears on its claim and the debtor intended to strip off the mortgage without evidence of valuation. On December 23, 2008 the debtor filed an Amended Chapter 13 Plan outlining the same treatment to Wells Fargo Bank, NA and on January 5, 2009 provided the court with an appraisal of the property valued at $575,000.00. According to the debtor's schedules, the balance of the first mortgage on the property is $529,449.00. After hearing on the Objection to Confirmation, debtor submitted a Memorandum of Law in Support of Bifurcating the Undersecured Second Mortgage.

In Re: Perveen Rathore
Case No. Alicia A. Colon and Rafael A. Colon, Jr.
CHAPTER 13

## ISSUE

Whether a partially secured, second mortgage on a debtor's principal residence can be bifurcated into a secured claim based on the fair market value of the property and an unsecured claim for the balance of the debt.

## BRIEF ANSWER

No, under 11 U.S.C. §1322(b)(2), and the Supreme Court's decision in *Nobelman v. American Savings Bank*, a partially secured second mortgage on a debtor's principal residence can not be modified and bifurcated into a secured and unsecured claim.

## ARGUMENT

I. 11 U.S.C. §1322(B)(2) CLEARLY STATES THAT A DEBTOR MAY NOT MODIFY THE RIGHTS OF A HOLDER OF A CLAIM SECURED ONLY BY A SECURITY INTEREST IN REAL PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE.

11 U.S.C. §1322(b)(2) states that a Chapter 13 Plan may "modify the rights of holders of secured claims, *other than a claim secured only be a security interest in real property that is the debtor's principal residence*, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." (emphasis added).

In order to determine whether a claim is secured, reference must be made to 11 U.S.C. §506(a)(1) which provides that:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

In Re: Perveen Rathore
Case No. Alicia A. Colon and Rafael A. Colon, Jr.
CHAPTER 13

The Supreme Court examined the interplay between 11 U.S.C. §1322(b)(2) and §506(a) in *Nobelman v. American Savings Bank*, a case in which the debtors sought to bifurcate a first mortgage on their primary residence. 508 U.S. 324, 113 S.Ct. 2106 (1993). The Court held that the mortgagee was considered a "holder" of a "secured claim" even though the mortgage was undersecured because the home still retained value to secure the claim. Id. at 329. As such, the mortgage could not be bifurcated without running afoul of the antimodification provision of 11 U.S.C. §1322(b)(2).

In *In re Mann*, the Bankruptcy Appellate Panel for the First Circuit also examined the interaction of 11 U.S.C. §1322(b)(2) and §506(a) in light of the *Nobelman* decision and in the context of a wholly unsecured second mortgage on a principal residence. 249 B.R. 831 (B.A.P. 1st Cir. 2000). In that case, the court allowed bifurcation of the second mortgage, even though the claim was secured only by a security interest in real property that was the debtors' principal residence, because there was no value beyond the first mortgage to secure the claim of the second mortgage. The court set forth the standard that "… a claim protected from modification under §1322(b)(2) must be at least partially secured, as determined by §506(a). Id. at 837. (See also *In re Pelosi*, 382 B.R. 582 (Bankr. D. Mass 2008) which held that a wholly unsecured second mortgage on a primary residence my be avoided)

In the present case, Wells Fargo Bank, NA holds a second mortgage on the debtor's principal residence located at 5 Arrow Head Lane, Westborough, MA 01581. (Exhibit A). The debtor has provided this court with an appraisal which values the subject property at $575,000.00. According to the debtor's schedules, the first mortgage debt is approximately $529,449.00. As such there is over $45,000.00 in equity securing the second mortgage on the

In Re: Perveen Rathore
Case No. Alicia A. Colon and Rafael A. Colon, Jr.
CHAPTER 13

property. Wells Fargo Bank, NA is therefore considered the holder of a secured claim under both the decisions of *Nobelman* and *In re Mann* and its mortgage can not be modified pursuant to 11 U.S.C. §1322(b)(2) as its mortgage is a claim secured only by a security interest in real property that is the debtor's principal residence.

II.  DEBTOR'S RELIANCE ON *EUBANKS*, *PASCHEN*, AND *LATIMER* FOR SUPPORT OF THE BIFURCATION OF AN UNDERSECURED MORTGAGE ON THE DEBTOR'S PRIMARY RESIDENCE IS MISAPPLIED AS THOSE CASES DEAL WITH THE VERY LIMITED EXCEPTION TO MODIFICATION UNDER 11 U.S.C. §1322(C)(2) WHERE THE LAST PAYMENT ON THE MORTGAGE IS DUE BEFORE THE FINAL PAYMENT UNDER THE CHAPTER 13 PLAN.

Debtor's memorandum in support of bifurcation relies heavily on three cases, none of which are controlling authority in this district, to support the proposition that an undersecured second mortgage on a primary residence can be bifurcated into a secured claim based on the fair market value of the property and an unsecured claim for the remainder of the debt. While the cases cited by debtor do indeed allow bifurcation of an undersecured second mortgage on a primary residence, the mortgages at issue were all short-term second mortgages which matured during the Chapter 13 plan and all three cases relied on 11 U.S.C. §1322(c)(2) which provides a very narrow exception not applicable in the present case to the antimodification provision under 11 U.S.C. §1322(b)(2).

In *Eubanks*, the court held that "[i]n Chapter 13 cases, § 1322(b) grants debtors broad power to modify the rights of the holders of secured claims. Section 1322(b)(2) then creates an exception to that broad power of modification for claims "secured only by a security interest in

4

In Re: Perveen Rathore
Case No. Alicia A. Colon and Rafael A. Colon, Jr.
CHAPTER 13

real property that is the debtor's principal residence." Section 1322(c)(2) now creates an "exception to the exception" for the subset of real property secured claims "in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due." 11 U.S.C. § 1322(c)(2). In other words, in 1994 Congress abrogated the protection of home mortgages from modification in Chapter 13 cases to the extent, and with respect to, the real estate secured claims described in new § 1322(c)(2)."*.  In re Eubanks*, 219 B.R. 468, 470-471 (B.A.P. 6th Cir. 1998).

In *Paschen*, the court held "The plain language of § 1322(c)(2) compels us to agree with the consensus of those courts that have considered the provision; § 1322(c)(2) permits the modification of claims (through bifurcation and "cramdown") secured by those short-term home mortgages that mature prior to the completion of a debtor's Chapter 13 plan.".  *In re Paschen*, 296 F.3d 1203, 1209 (11th Cir. 2002).

In *Latimer,* the court stated "This Court (the Bankruptcy Court for the Western District of New York, Rochester Division) finds that, for the reasons set forth in the decisions in *Paschen* and *Eubanks*, the claim of the holder of a mortgage secured solely by a debtor's residence (a "Home Mortgage"), when the mortgage claim is undersecured and is due in full at the time of the filing of the petition or becomes due by its terms during a debtor's Chapter 13 plan, can be modified, including by being bifurcated into an allowed secured and a remaining unsecured claim, in accordance with the provisions of Sections 1322(c)(2) and 1325(a)(5)…".  *In re Latimer*, 395 B.R. 304, 307 (Bankr. W.D.N.Y. 2008)

On June 23, 2004 the debtor executed a Mortgage and EquityLine® Account Agreement

5

In Re: Perveen Rathore<br>
Case No. Alicia A. Colon and Rafael A. Colon, Jr.<br>
CHAPTER 13

and Disclosure Statement to Wells Fargo Bank, NA which is attached hereto as Exhibit A. The maturity date is clearly stated as June 22, 2014. The debtor filed for Chapter 13 bankruptcy protection on September 30, 2008 and subsequently filed a sixty month plan which would run to September 30, 2013. Because the maturity date of the loan does not become due during the debtor's Chapter 13 Plan, the debtor can not rely on 11 U.S.C. §1322(c)(2) for support to bifurcate the mortgage to Wells Fargo Bank, NA..

## **CONCLUSION**

11 U.S.C. §1322(b)(2) protects the rights of holders of claims secured only by a security interest in real property that is the debtor's principal residence. No exception exists in the current case which would permit the debtor to bifurcate the partially-secured loan of Wells Fargo Bank, NA. Wherefore, Wells Fargo Bank, NA respectfully requests that the court deny bifurcation of its mortgage on the debtor's primary residence and deny confirmation of debtor's Chapter 13 Plan.

        Respectfully submitted,

        Wells Fargo Bank, NA,
        By its Attorney

        /s/ Kathryn A. Fyans
        Kathryn A. Fyans, Esquire
        BBO# 664601
        HARMON LAW OFFICES, P.C.
        P.O. Box 610345
        Newton Highlands, MA 02461-0345
        781-292-3900
        617-243-4049 (fax)

Dated: March    5, 2009

In Re: Perveen Rathore<br>
Case No. Alicia A. Colon and Rafael A. Colon, Jr.<br>
CHAPTER 13

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

| IN RE: | CHAPTER 13 |
| --- | --- |
| Perveen Rathore | CASE NO. 08-43130-JBR |

### CERTIFICATE OF SERVICE

I, Kathryn A. Fyans, Esquire, state that on March 5, 2009, I electronically filed the foregoing Response with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

Richard King, Esquire, Assistant U.S. Trustee
Denise M. Pappalardo, Esquire, Chapter 13 Trustee
Christopher M. Uhl, Esquire for the Debtor

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

/s/ Kathryn A. Fyans<br>
Kathryn A. Fyans, Esquire<br>
BBO#664601

Perveen Rathore
5 Arrowhead Lane
Westborough, MA 01581